IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY T. MADRID &
RALPH RIOS,

    Plaintiffs,

v.                                                                                       Civ. 12-73 GBW/WPL

BOARD OF COUNTY COMMISSIONERS
OF DONA ANA COUNTY, NEW MEXICO
& TODD GARRISON, individually and in his
official capacity,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Remand ("Plaintiffs' Motion"). *Doc. 6.* The matter has been fully briefed and the Court is fully advised. Because the Court finds that Defendants timely removed this matter, Plaintiffs' Motion will be denied.

### *Background*

Plaintiffs originally filed suit in State court on December 16, 2011. *See doc. 6* at 1. On December 21, 2011, Plaintiffs' counsel, hoping to effectuate service, delivered a package containing the requisite materials to the Receptionist of the Administrative

Section at the Dona Ana County Government Center.[1] *See doc. 9* at 1. On December 22, 2011, the County Attorney, who had previously agreed to accept service in this matter, received the documents and filed an acceptance of service. *Id.* at 1-2. On January 23, 2012, Defendants removed this case to this Court. *Doc. 1.*

## *Analysis*

Plaintiffs seek an order remanding this case arguing that service was effectuated on December 21, 2011 and, thus, the notice of removal was untimely. *See doc. 6*. Defendants contend that the time to notice removal began, instead, with the December 22, 2011 acceptance of service by the County Attorney. *See doc. 9*. Defendants are correct.

Pursuant to the New Mexico Rules of Civil Procedure for the District Courts, service of process upon a county is made by serving "a copy of the process to the county clerk." N.M.R.A. 1-004(H)(1)(f). "Any defendant may waive the issuance or service of summons." *Id.* 1-004(A).

"[D]efendants desiring to remove any civil action from a State court [must] file in the district court of the United States . . . a notice of removal . . . ." 28 U.S.C. § 1446(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* § 1446(b). When

---

[1] Plaintiffs declined the opportunity to file a reply. *See doc. 12.* Because the Court does not find any material conflict between Plaintiffs' supporting affidavits and Defendants' supporting affidavits, the facts contained therein are treated as true.

calculating statutory deadlines, "if the last day is a Saturday . . . the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

"The requirement that a defendant timely file the notice of removal is mandatory, though it is not jurisdictional." *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 U.S. Dist. LEXIS 13373, at *9-10 (D.N.M. Feb. 9, 2010); *see also* 28 U.S.C. § 1447(c) (allowing motion to remand by plaintiffs for any non-subject-matter-jurisdiction reason within thirty days of removal). The thirty-day period in which to remove a case does not begin until a complaint is properly served. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (noting that the period would not begin to run until a party had been served both a summons and copy of complaint). The party alleging proper service has the burden to prove the same. *See FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (noting that plaintiffs bear burden of proving proper service).

Defendants' affidavits and argument convince the Court that the package of lawsuit materials was not delivered directly to the County Attorney's office. Rather, the affidavits offered by Defendants indicate that the materials were received by an individual who is neither the County Clerk nor authorized to accept service of process on behalf of the County. *See doc. 9* Affidavit of Pat Sanchez ¶ 3. Likewise, the Court finds no reason to disbelieve Defendants' assertions regarding the one-day delay in the

County Attorney's receipt of those documents and execution of service. *See id.* Affidavit of John W. Caldwell ¶¶ 3-5. Thus, the assertions in Defendants' Response to Plaintiffs' Motion and in the accompanying affidavits clearly illustrate that service was not perfected by waiver until February 22, 2012. The applicability of the law to those facts – law that was also uncontested by the Plaintiffs – appears equally clear. *See doc. 12*.

Treating December 22, 2011 as the date when service was perfected would place the date by which to notice removal on January 21, 2012. Because January 21, 2012 was a Saturday, the date would therefore have been extended to the next date when the Court was open – January 23, 2012. Defendants did, in fact, file on that date. *Doc. 1.*

In light of the foregoing, the Court finds that service upon Defendants was initially deficient under the relevant New Mexico rules. Because it took a day for the receipt of the materials by the County Attorney and execution of the waiver of service to remedy the deficiency, and because the matter was timely removed when accounting for the one-day delay between receipt and waiver, the Court finds that remand is not warranted.

### *Conclusion*

Based upon the affidavits and argument before the Court, the time within which to remove this case did not begin to run until December 22, 2012. As this matter was removed within the required time thereafter, remand is inappropriate and Plaintiffs' Motion must be denied.

4

5

Wherefore, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand, (*doc. 7*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**